## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Willie Shumpert | ) | Case No. 12-25174 |
| | ) | |
| Debtor(s) | ) | Judge Jack B. Schmetterer |
| | ) | |
| | ) | ADVERSARY |
| | ) | |
| Willie Shumpert, | ) | |
| Plaintiff | ) | |
| | ) | Adv. Pro. No. 12-01494 |
| v. | ) | |
| | ) | |
| Household Finance Corp. III, | ) | |
| Defendant | ) | |

## FINDINGS OF FACT

**A. The Parties**

1. The Plaintiff is Willie Shumpert.

2. The Defendant is Household Finance Corp. III.

**B. Factual Background**

1. On or about 6/22/2012 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 14825 Turlington Avenue, Harvey, IL 60426.

3. That Wells Fargo Bank, N.A. holds a first mortgage lien on the real property commonly known as 14825 Turlington Avenue, Harvey, IL 60426, with a secured claim of $63,420.70 pursuant to the proof of claim #3 filed on 7/5/2012 by Annie Lopez, attorney with Freedman, Anselmo, Lindberg LLC.

4. The Defendant holds a second mortgage lien on the real property known as 14825 Turlington Avenue, Harvey, IL 60426 in the approximate amount of $21,278.50 pursuant to the proof of claim #8 filed on 10/30/2012 by Defendant.

5. That the Plaintiffs obtained a valuation of the property on 5/17/2012 indicating the value of 14825 Turlington Avenue, Harvey, IL 60426 as $58,500.00.

6. The first mortgage lien of Wells Fargo Bank, N.A. is a secured claim based on the mortgage assignment from Washington Mutual Bank recorded on 7/11/2003 as document number 0319241186 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded 3/30/2001 as document number 0010252294 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $500.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of thirty-five percent (35%) of their allowed claims.

10. On 10/1/2012 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 14825 Turlington Avenue, Harvey, IL 60426.

11. That on 10/1/2012, a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail, postage prepaid upon Household Finance Corp. III.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $58,500.00.

15. The first secured claim of Wells Fargo Bank, N.A. in the amount of $63,420.70 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

**B. Argument**

1. Is action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Wells Fargo Bank, N.A. in the amount of $60,833.00 and the second secured claim of the Defendant in the amount of $7,000.00.

3. Wells Fargo Bank, N.A. filed a proof of claim on 7/5/2012 for the amount of $63,420.70. Said claim is secured by a first mortgage on the Plaintiffs' property located at 14825 Turlington Avenue, Harvey, IL 60426.

4. The Defendant filed a proof of claims on 10/30/2012 for the amount of $21,278.50. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $58,500.00.

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Enter:

_____
United States Bankruptcy Judge

DEC 0 4 2012

Dated: 12/4/12

Ledford & Wu
200 S. Michigan, Ste 209
Chicago, IL 60657
(312)294-4400